1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES  DISTRICT COURT

Northern District of California

AGHA BAKHT,                                    No. C 11-0099 MEJ

                        Plaintiff,        **ORDER FOR CLERK OF COURT TO REASSIGN CASE**

        v.

CHASE HOME FINANCE LLC,         **REPORT & RECOMMENDATION**

                        Defendant.

_____/

Since filing the complaint in this matter, Plaintiff Agha Bakht has failed to serve Defendant Chase Home Finance LLC, despite several extended opportunities from the Court.  Accordingly, for the reasons set forth below, the Court finds this case suitable for dismissal for failure to prosecute. However, as Plaintiff has yet to consent to magistrate judge jurisdiction, the undersigned ORDERS the Clerk of Court to reassign this case to a district court judge with the following report and recommendation.

On January 10, 2011, Plaintiff Agha Bakht filed the above-captioned complaint, at which time the Clerk of Court scheduled the matter for a case management conference on April 21, 2011. However, as there was no indication that Defendant had been served, the Court vacated the c.m.c. on April 14, 2011, and ordered Plaintiff to file a status report by May 5, 2011.  (Dkt. #3.)  Plaintiff failed to respond, and the Court ordered her to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines.  (Dkt. #4.)

On May 31, 2011, Plaintiff filed a declaration in response.  (Dkt. #5.)  In her declaration, Plaintiff stated as follows: "Due to my personal exgencies and to much busy schedule Pl. extend the date by June 30, 2011."  Although Plaintiff's response failed to provide any specific reason for her failure to prosecute, the Court permitted her another opportunity to proceed with this case,

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   discharged the order to show cause, and ordered Plaintiff to serve Defendant and file proof of

2   service with the Court by June 30, 2011.  (Dkt. #6.)  The Court warned Plaintiff that failure to

3   comply may result in the imposition of sanctions, including dismissal of Plaintiff's case.

4          As of August 1, 2011, Plaintiff had failed to file any proof of service, and there was still no

5   indication that Defendant had been served.  Thus, the Court ordered Plaintiff to show cause for a

6   second time why this case should not be dismissed for failure to prosecute.  (Dkt. #7.)  The Court

7   warned Plaintiff that she must provide specific and legitimate reasons for her failure to prosecute

8   and establish good cause to permit her case to move forward.  *Id.*  Plaintiff has again failed to

9   respond.

10         Pursuant to Federal Rule of Civil Procedure 41(b), failure to comply with a court order can

11  warrant dismissal.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In "determining

12  whether to dismiss a case for failure to comply with a court order, the district court must weigh five

13  factors including '(1) the public's interest in expeditious resolution of litigation; (2) the court's need

14  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

15  disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  *Id.* at 1260-

16  61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).  Here, Plaintiff has

17  failed to serve Defendant, failed to comply with Court orders and deadlines, and failed to respond to

18  the order to show cause.  Thus, the Court finds that the *Ferdik* factors weigh in favor of dismissal.

19  Accordingly, the undersigned RECOMMENDS that the newly-assigned judge dismiss this case for

20  failure to prosecute and failure to comply with the Court's deadlines and orders.  The September 1,

21  2011 order to show cause hearing is VACATED.

22         Pursuant to Federal Rule of Civil Procedure 72, Plaintiff may serve and file objections to this

23  Report and Recommendation within 14 days after being served.

24         **IT IS SO ORDERED.**

25

26  Dated: August 22, 2011

27                                                                    _____
                                                                         Maria-Elena James
28                                                                       Chief United States Magistrate Judge

2

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

AGHA BAKHT,

        Plaintiff,

  v.

CHASE HOME FINANCE LLC,

        Defendant.

_____/

Case Number: 11-00099  MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Agha Bakht
27418 Susan Place, Unit 2
Hayward, CA 94544

Dated: August 22, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk

3